IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  21 B 13994 |
| James Stola | Judge Jacqueline P. Cox |
| Debtors | Chapter 13 |

## OBJECTION TO CONFIRMATION

Now comes FORD MOTOR CREDIT COMPANY LLC, a creditor herein, by Sherman & Purcell, LTD., its attorneys, and for its objection to confirmation of the debtor's proposed Chapter 13 plan respectfully represents as follows:

1. That Ford Motor Credit Company LLC is the creditor of the Debtors with respect to a debt secured by a 2018 Ford Escape.  The plan provides for direct payments in part 3.1.

2.  The plan in 3.1 provides that the debtor will maintain the current contractual installment payments.  The plan does not mirror the terms of the contract and is silent as to such provisions as late charges, etc.

3.  The plan should be amended to provide as follows in part 8.1: "The Debtor shall remain in full compliance, including but not limited to, payments, interest, late charges, etc, with the underlying retail installment contacts as to the debt owed to Ford Motor Credit Company LLC that is secured by the 2018 Ford Escape.  That debt shall not be discharged pursuant to Section 1328 of the Bankruptcy Code.  Ford Motor Credit Company LLC shall retain its lien on the 2018 Ford Escape until such time as the underlying retail installment contract is fully satisfied pursuant to applicable non-bankruptcy law.  The modification of the automatic stay does not cease the obligation to pay this indebtedness nor does it remove the debt owed to Ford Motor Credit Company LLC from this plan."

4. The language above is because the contract should control the payment terms, etc.  If the direct payments are not made, or if their chapter 13 case is completed prior to this debt being paid in full, the debtors should not receive a discharge to this debt pursuant to section 1328.  If the Debt is to be

discharged by the bankruptcy than an order should be entered requiring the Trustee to verify the direct payments were made prior to indicating that all payments have been made and the plan is complete.

6. The plan contains language that provides that if the stay is modified that all payments as to that collateral cease and that it will no longer be treated by the plan. The burden of proof is upon the debtor that the debtor has the right to this proposed treatment of the secured claim of Ford Motor Credit Company LLC. The stay lift provision of part 3.1 fails to pay the value of the property to be distributed under the plan in an amount that provides adequate protection because the plan has a contingency that ceases the payments on the secured claim. Therefore, the plan violates 11 U.S.C. §1325(B).

7. Pamela Stola is a non-filing co-obligor pursuant to the contract, a co-owner pursuant to the title and is not a party to this case. The plan must provide that Ford Motor Credit Company LLC shall retain its lien until such time as the underlying retail installment contract is fully satisfied pursuant to applicable non-bankruptcy law. As stated by one court, "this Court cannot find that either the nonfiling co-debtor's personal liability to [the creditor] or the in rem claim of [the creditor] against the interest of the nonfiling co-debtor is in any way affected by the Chapter 13 filing of the Debtor, other than by the effects of the co-debtor stay provisions of the Code." In re James Harris, 199 B.R. 434, 438; 1996 Bankr. Lexis 1045. The language in paragraph 3 would resolve this issue.

8. The plan fails to provide plan completion terms and is silent as to whether the plan may complete if the Debtor does not make the required payments directly to Ford Motor Credit Company LLC. There appears to be no mechanism, status date, or hearing for the trustee to determine whether or not the direct payments were made, thus allowing the plan to complete.

9. "The debtor has the burden of proving that its proposed plan is confirmable. *Matter of Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982); In re Moore, 319 B.R. 504, 515 (Bankr. S.D. Tex 2005); In re Hogue, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987).* In the face of what appear to be valid Complaints, see e.g., *In re Brown, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006);* [*3] *In re Murray, 346 B.R. 237 (Bankr. M.D. Ga 2006); In re Sparks, 346 B.R. 767 (Bankr. D.D. Ohio 2006); In re Wampler, 45 B.R.*

*730 (Bankr. D. Kan. 2006); In re Bufford, 343 B.R. 827 (Bankr. N.D. Tex 2006).* To which the debtor has offered no response, the court is left with the little alternative other than to sustain the objections".

<u>In re Posey,</u> 2006 Bankr LEXIS 2472.

WHEREFORE, FORD MOTOR CREDIT COMPANY LLC prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, and for such other and further relief as this Court may deem just and equitable.

| | |
|---|---|
| Christopher H. Purcell | FORD MOTOR CREDIT COMPANY LLC |
| Sherman & Purcell, LTD. | |
| 112 Cary Street | BY:  /s/ Christopher H. Purcell |
| Cary, Illinois 60013 | One of its Attorneys |
| Shermlaw13@aol.com | |
| Phone: (312) 372-1487 | |

## CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on January 13, 2022, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

Michael J. Greco, Attorney for the Debtor

Thomas H. Hooper, Chapter 13 Trustee

Patrick S. Layng, U.S. Trustee