**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| James O. Stola, | Bankruptcy No. 21-13994 |
| Debtor. | Hon. Jacqueline P. Cox |

## NOTICE OF MOTION

TO: See attached list

**PLEASE TAKE NOTICE** that on April 25, 2022, at 10:30 a.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present the **Motion of Lux Modern Development, Inc., to Convert Chapter 13 Case to Chapter 7**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 273 2896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                  **Lux Modern Development, Inc.**,

                           By: */s/ Justin Storer*
                           One of Its Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:   (847) 574-8233
Email:  jstorer@wfactorlaw.com

## CERTIFICATE OF SERVICE

    I, Justin Storer, an attorney, hereby certify that on March 28, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

*/s/ Justin Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Michael J. Greco** | michaelgreco18@yahoo.com |
| **Theodore Konstantinopoulos** | ILbankruptcy@dallegal.com |
| **Christopher H. Purcell** | shermlaw13@aol.com |
| **Lorenzo Valladolid** | lvalladolid@gfblaw.net |

**Non-registrants in the Case**
(Service via first-class mail)

> **James O Stola**
> 2633 North Bosworth Ave
> Chicago, IL 60614

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **James O. Stola,** | Bankruptcy No. 21-13994 |
| Debtor. | Hon. Jacqueline P. Cox |

## MOTION TO CONVERT CASE FROM 13 TO 7

**Now comes** Lux Modern Development, Inc., a creditor in the above-captioned case with a timely-filed general unsecured claim, and moving to convert this case from chapter 13 to chapter 7, states as follows.

1.   James O. Stola (the "***Debtor***") has caused unreasonable delay that is prejudicial to creditors, and so his case should be dismissed or converted under 11 U.S.C. § 1307(c)(1). A practicing attorney who regularly represents debtors in this Court, he is doubtlessly aware that he has failed to prosecute his case with acceptable diligence.

2.   The best interest of creditors demands that his chapter 13 be converted to chapter 7, that the chapter 7 Trustee may liquidate Stola's real property at 2633 Bosworth, Chicago, Illinois, and use it to pay all of Stola's allowed claims in full, in a much shorter timeframe than five years.

3.   Therefore, Lux Modern Development, Inc., ("***Lux***"), a creditor herein, respectfully requests pursuant to 11 U.S.C. § 1307(c), that the Court convert the current case to a proceeding under Chapter 7.

## JURISDICTION AND PROCEDURAL HISTORY

4.   This Court has jurisdiction over the case and this motion pursuant to 28 U.S.C. §§ 157 and 1334. This case is referred to this Court pursuant to Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

{00218634}

5. Venue of the case and of this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

6. December 9, 2021 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code commencing the current case.

7. The meeting of creditors pursuant to § 341 of the Bankruptcy Code was held. Confirmation has been continued from time to time. Several creditors objected to the Debtor's original plan, which was not amended until March 28, 2022.

## DISCUSSION

8. Section 1307(c) of the Bankruptcy Code authorizes conversion of a case from Chapter 13 to Chapter 7 when: (i) there is "cause" and (ii) conversion is in the best interests of creditors. 11 U.S.C. § 1307(c).

9. Multiple circumstances constituting "cause" are present in the case. The Debtor's delay in the case has been unreasonable and prejudicial to creditors and the Debtor lacked good faith in his prepetition transaction with the movant, and filing his March 28, 2022 plan.

10. Similarly, conversion, as opposed to dismissal, is in the best interests of creditors because the liquidation of the Debtor's real estate would pay all creditors in full, and because the Debtor's prepetition and postpetition conduct bespeak bad faith.

**I.   Cause exists to convert this Case.**

11. Section 1307(c) provides a list of common circumstances constituting sufficient 'cause' for conversion including:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> …

11 U.S.C. §1307(c).

12. However, the list is non-exhaustive and encompasses other non-enumerated circumstances sufficient to establish "cause."

13. Lack of good faith also constitutes "cause" under § 1307(c). *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (finding lack of good faith sufficient cause under § 1307(c)). This holding represents the majority view, as "most courts have held that a chapter 13 case can be…converted if it is not filed in good faith." 8-1307 Collier on Bankruptcy P 1307.04.

14. In *In re Love*, the Seventh Circuit upheld lack of good faith as sufficient "cause" for purposes of § 1307(c). *Love*, 957 F.2d at 1354 (7th Cir. 1992) ("Chapter 13 does not explicitly contain a good faith requirement for the filing of a petition. Nevertheless, Section 1307(c) of the Bankruptcy Code does state that Chapter 13 petitions may be dismissed 'for cause.' 11 U.S.C.A. § 1307(c). This court has indicated that lack of good faith is sufficient cause for dismissal under Chapter 13.")

15. Establishing a lack of good faith is based on the totality of the circumstances and involves fact specific inquiries such as "the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; <u>how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.</u>" *In re Love*, 957 F.2d at 1357 (7th Cir. 1992) (emphasis added).

## II. The Debtor proceeds in bad faith: Prepetition conduct.

16. In this case, Stola's claim to Lux arose out of sanctionable conduct at the Circuit Court of Cook County. Lux's claim, attached hereto as **Exhibit A**, includes the Circuit Court memoranda concerning the underlying issue. Briefly, in 2012 Stola brought a complaint seeking to quiet title, and claim, by adverse possession or right of easement, a strip of land between his house and the property located at 2631 N. Bosworth,

{00218634}

Chicago, IL. In 2018, Stola and those defendants agreed to a settlement. Mr. Stola signed the settlement and released any claims to the strip of land that were raised, or could have been raised, in the lawsuit, as well as receiving $85,000 in consideration for the release of his claims. This suit was dismissed with prejudice.

17. Lux bought the 2631 N. Bosworth property and in 2019, despite already having released his claims to this particular strip of land, Stola brought suit against Lux (a virtual carbon-copy of the 2012 suit), as well as seeking a temporary restraining order concerning development of the land, and other relief

18. Sanctions against Stola were awarded under Illinois Supreme Court Rule 137 for filing a complaint "not well grounded in fact and… not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. It was objectively unreasonable, given the facts, for Mr. Stola to believe that the 2019 Complaint was well grounded in fact."

### III. The Debtor proceeds in bad faith: The Debtor's March 28, 2022 Amended Plan.

19. On March 28, 2022, Stola filed an amended plan. This amended plan is attached hereto as **Exhibit B**.

20. As a threshold issue as to this plan's deficiencies, it appears that, if Stola's home were to be sold, all creditors would be paid in full. This sets a floor for the payments under 11 U.S.C. § 1325(a)(4), which provides that, to see confirmation, the value of property distributed under the plan on account of each allowed unsecured claim would not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.

21. Stola's residence is 2633 N. Bosworth, Chicago, Illinois (the "***Property***"). A review of the Cook County Clerk's ledger of recorded documents indicates that Stola owns the property in fee simple, and that

there are no liens or encumbrances on the property other than those listed in this analysis.

22. Stola's schedules (filed on December 22, 2021; never amended) value the Property at $935,000. This lower than the Cook County Assessor's contemporary valuation of the Property ($1,195,000) but even at $935,000, there would be sufficient equity after a hypothetical chapter 7 Trustee's administration to pay all claims in full.

23. The claim of the sole mortgagor on the Property is valued at $634,704.80.

24. If a chapter 7 Trustee were to sell the Property for $935,000.00, then, assuming 10% costs of sale and administration, the estate would recover $841,500. It would then pay Stola's exemption of $15,000. It would then pay the mortgagor, leaving $191,795.20 available to pay creditors.

25. Excluding the fully-secured claim of a car, and that mortgagor who has already been paid, in this analysis, Stola's allowed claims total $119,579.14.

26. Assuming that the Trustee is allowed to collect 11 U.S.C. § 326(a) commission for paying $93,500 in costs of sale and administrative fees, $624,704.80 to the lienholder, and $119,579.14 to creditors, the Trustee's commission would amount to just over $45,639.20.

27. If circumstances follow this analysis, Stola would still be entitled to a surplus, after payment of his $15,000 homestead exemption and the administration of his chapter 7, in the amount of $36,576.86.

**Stola's March 28, 2022 plan is insufficiently funded.**

28. The liquidation analysis of 11 U.S.C. § 1325(a)(4) requires that Stola propose a plan that pays 100% to allowed unsecured creditors. He appears to recognize that, asserting, in his March 28, 2022 plan, that he will guarantee 100% to allowed unsecured claims.

{00218634}

29. Stola proposes to pay the standing trustee $4,000.00 per month, for 60 months. This sees Stola submitting, obviously, a total of $240,000.00 over the life of the plan.

30. Stola's March 28, 2022 plan, with reference to his home mortgage, provides that he shall pay Rushmore $241,113, with 6.5% interest, at monthly payments of $3,500.00 per month over the 60 month duration of his case. It acknowledges, as well, that the Trustee is estimated to pay $210,000.00 over the life of the plan, with no suggestion that the obvious $31,113 delta will be satisfied – let alone at 6.5% interest. ($241,113 at 6.5%, over the course of 60 months, totals $283,059, at 60 monthly payments of $4,717.65 per month.) Stola's plan is insufficiently-funded even to cure his mortgage arrearages.

31. Filed unsecured claims (including the general unsecured aspect of a proof of claim filed by the IRS, but not the secured or priority aspect) total $91,475.75. Excluding claims that Stola separately classifies for reasons unknown to the undersigned, Stola values the class of general unsecured creditors at $1,400. Stola's plan is insufficiently-funded to pay his general unsecured claims.

32. And finally, to the secured claim of the IRS is $7,198.14. The priority claim of the IRS is $20,905.25. Stola does not propose to pay the IRS directly, and Stola has not objected to the IRS's claim. Stola's plan is insufficiently funded without even including the IRS's claim.

**Stola's March 28, 2022 plan violates 11 U.S.C. 1322.**

33. Stola seeks to exclude certain creditors from the dividend payable to allowed unsecured claims. He seeks to either provide that he shall pay them directly, or that they will be specially-classified. In both instances, these efforts violate 11 U.S.C. § 1322.

34. The Debtor seeks to pay Quantum3 and Midland Credit Management on, apparently, a basis that considers their entire claim an arrearage. A review of these claims does not suggest that the Debtor was

jointly liable for these claims with his law practice, or anybody else. However, 11 U.S.C. § 1322(b)(5) provides only that the debtor may cure a default and maintain payments directly on an unsecured claim on which the last payment is due after the date on which the final payment under the plan is due. This condition is not met here.

35. The Debtor also seeks to separately classify $18,000 on the $50,000 claim of Ivan Kocic (relating to which the Debtor may be personally liable with his law office), and $4,434.92 to American Express (for which he is not, and for which there is no basis for separate classification).

**Stola, personally, would recognize that his plan was insufficent.**

36. Stola is an experienced bankruptcy practitioner. Stola understands the requirements of 11 U.S.C. § 1322 and 11 U.S.C. § 1325.

37. Though Stola is represented in this matter by counsel, it appears that Stola personally drafted his March 28, 2022 plan:

38. In fact, as per the fifth page of Exhibit B, this plan appears to be grafted on top of the chapter 13 plan of a certain Barbara A. Head, a chapter 13 debtor (bankruptcy case 21-06355, whose chapter 13 plan was confirmed by our district's Judge Thorne). Barbara A. Head is represented in her chapter 13 case by James O. Stola, the Debtor.

39. Stola's March 28, 2022 plan is not filed in good faith. It fails the rudimentary standards of practice before our Court, by a lawyer who, a search of his name on PACER would reveal, knows better. Stola's March 28, 2022 plan is designed to create the illusion of effort without risking progress.

### IV. Conversion is in the best interests of creditors.

40. Conversion of the current case to a proceeding under Chapter 7 is required as it is in the best interests of creditors. Section 1307 provides that "on request of a party in interest…the court may convert a case under

{00218634}

this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors." 13 U.S.C. § 1307(c).

41. As described above, the Debtor owns real estate with sufficient equity to pay all allowed unsecured claims in full. The Debtor's continued delay in proposing an adequate plan is harmful to his creditors, and the best interests of creditors warrant conversion.

## CONCLUSION

**Wherefore**, Lux Modern Development, Inc. respectfully requests that this Court convert the Current Case from a proceeding under Chapter 13 to a proceeding under Chapter 7.

Dated: March 28, 2022          **Lux Modern Development, Inc.**

By: /s/ Justin R. Storer
One of Its Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

{00218634}