**Fill in this information to identify the case:**

Debtor 1  James O. Stola

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number  21-13994

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Lux Modern Development, Inc.
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor (none, but, scheduled as "Robert Derger" on sch. E/F)

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Lux Modern Development, Inc.
   Name
   906 W. Webster Ave.
   Number        Street
   Chicago        IL        60614
   City           State     ZIP Code
   Contact phone  312.404.2139
   Contact email  _____

   Where should payments to the creditor be sent? (if different)
   Name _____
   Number        Street _____
   City           State     ZIP Code
   Contact phone  _____
   Contact email  _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                     MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410        Proof of Claim        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____24,524.75_____. **Does this amount include interest or other charges?**
   ☐ No
   ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Sanctions award and collection costs

9. **Is all or part of the claim secured?**

   ☒ No
   ☐ Yes.  The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☒ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410        **Proof of Claim**        page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No
☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/07/2021
                  MM / DD / YYYY

/s/ Justin R. Storer
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Justin R. Storer |
| | First name    Middle name    Last name |
| Title | Attorney |
| Company | Law Office of William J. Factor |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 105 W. Madison St., Suite 1500 |
| | Number    Street |
| | Chicago                                IL         60602 |
| | City                                   State      ZIP Code |
| Contact phone | 312.373.7226         Email  jstorer@wfactorlaw.com |

Official Form 410       **Proof of Claim**       page 3

| Stola v. Lux Modern Development | | | | | |
|---|---|---|---|---|---|
| **Sanctions granted 04/15/2021** | | | | | |
| Legal Fees | $ | 13,961.25 | | | |
| Filing fees | $ | 251.00 | | | |
| Total | $ | 14,212.25 | | | |
| | | | | | |
| **Additional legal fees** | | | | | |
| Jan 1, 2020 thru May 24, 2021 | $ | 5,026.25 | | | |
| | | | | | |
| **May 25, 2021 thru Nov 20, 2021** | | Invoice # | Date | Amount | Date Paid |
| | | 13002 | 06/05/21 | $ 1,508.75 | 06/16/21 |
| | | 13069 | 08/05/21 | $ 1,220.00 | 08/12/21 |
| | | 13117 | 09/05/21 | $ 577.50 | 10/01/21 |
| | | 13163 | 10/05/21 | $ 365.00 | 10/08/21 |
| | | 13231 | 11/20/21 | $ 1,230.00 | 12/14/21 |
| | | 13232 | 11/20/21 | $ 385.00 | 12/14/21 |
| Total | | | | $ 5,286.25 | |
| | | | | | |
| **TOTAL ADDITIONAL STOLA RELATED LEGAL FEES** | | | | | |
| **Jan 1, 2020 through Nov 20, 2021** | $ | 10,312.50 | | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION
GENERAL CHANCERY SECTION

| | |
|---|---|
| JAMES O. STOLA,<br><br>  Plaintiff,<br><br>v.<br><br>LUX MODERN DEVELOPMENT – 2631 BOSWORTH, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, AND UNKNOWN OWNERS OF RECORD,<br><br>  Defendants. | Case No. 19 CH 12776<br><br>Calendar 03<br>Honorable Allen P. Walker |

## **MEMORANDUM OPINION AND ORDER**

This cause comes to be heard on Defendant, Lux Modern Development - 2631 Bosworth, LLC,'s, Rule 137 Motion for Sanctions against Plaintiff, James O. Stola. The parties have fully briefed the matter, and the Court has heard oral argument. Defendant's Motion for Rule 137 Sanctions is granted and the Court awards $13,961.25 in attorneys' fees, plus $251.00 in filing fees.

## **BACKGROUND**

James Stola ("Mr. Stola") is the owner of property located at 2633 North Bosworth, Chicago, Illinois (the "Stola Property"). In 2012, Mr. Stola filed a complaint (the "2012 Complaint") seeking to quiet title, and claim, by adverse possession or right of easement, a strip of land located between the Stola Property and an adjacent property located at 2631 North Bosworth, Chicago, Illinois. The 2012 Complaint alleged that Mr. Stola owned the rights to the strip of land at issue by either adverse possession, prescriptive easement, or easement by necessity/implication. Mr. Stola further alleged that allowing construction on the strip of land would prevent reasonable ingress and egress from the front to the back of the house on his property and would limit his access to ventilation and sunlight. Mr. Stola added that the construction would create an extremely dangerous condition by preventing the fire department from accessing his property from the rear. The case was captioned *Stola v. Krihak, et al.*, 2011 CH 44143 ("the Quiet Title Action").

On February 12, 2018, Mr. Stola and the defendants in the Quiet Title Action agreed to a settlement. Mr. Stola signed the settlement agreement and released any claims to the strip of land that were raised or could have been raised in the lawsuit. Mr. Stola also received $85,000 as consideration for the release of his claims. The Court dismissed Mr. Stola's Quiet Title Action with prejudice on February 13, 2018.

On May 14, 2019, Defendant, Lux Modern Development-2631 Bosworth, LLC ("Lux"),

purchased the property located at 2631 North Bosworth (the "Lux Property"). Lux planned to develop a three-story condominium building. Lux notified Mr. Stola of its plans for the Lux Property on June 6, 2019. Lux also discussed its planned project with Mr. Stola in July of 2019.

On November 4, 2019, Mr. Stola filed a Verified Complaint (the "2019 Complaint"), an Emergency Motion for Temporary Restraining Order, and a Motion for Preliminary Injunction against Lux. The 2019 Complaint and injunctive relief motions set forth identical allegations to those made in Mr. Stola's 2012 Complaint. Mr. Stola claimed that Lux's construction would prevent reasonable access to the back of the house on his property and irreparably damage its value. Mr. Stola also alleged that the construction of the condominium building would create a safety hazard and limit his means of escape or fire-fighter access to the back in event of a fire. He further complained that the construction would limit ventilation and sunlight to his property.

On November 12, 2019, the Court held a hearing on the Emergency Motion for Temporary Restraining Order. The Court denied the motion, finding that the 2019 Complaint's allegations did not satisfy the elements for injunctive relief. That same day, Mr. Stola filed a motion to voluntarily dismiss the 2019 Complaint *without prejudice*. Lux requested that Mr. Stola dismiss the 2019 Complaint *with prejudice* and reimburse its attorneys' fees. When Mr. Stola refused, Lux filed a Motion for Sanctions, which is presently before the Court.

## RULE 137 MOTION FOR SANCTIONS STANDARD

Illinois Supreme Court Rule 137 governs the signing of pleadings, motions and other papers and allows a court to impose sanctions against a party and/or counsel who files a pleading or motion that is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law or is interposed for any improper purpose. *Senese v. Climatemp, Inc.*, 289 Ill. App. 3d 570, 581 (1st Dist. 1977). Supreme Court Rule 137 states in relevant part:

> (a) *Signature requirement/certification.* Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated… The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation… If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of

2

> reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee.

Il. Sup. Ct. R. 137(a).

The purpose of Rule 137 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law. *Fremarek v. John Hancock Mut. Life Ins. Co.*, 272 Ill. App. 3d 1067, 1074 (1st Dist. 1995). "[A] trial court may impose sanctions against a party or his counsel for filing a motion or pleading that is not well grounded in fact, not supported by law, or lacks a good-faith basis for modification, reversal, or extension of the law, or is interposed for any improper purpose." *Whitmer v. Munson*, 335 Ill. App. 3d 501, 513-14 (1st Dist. 2002). Rule 137 is penal in nature, and as such, it must be strictly construed. *Id.* The rule is not intended to penalize litigants and their counsel because they were zealous, yet unsuccessful in their efforts. *Id.* "The rule makes clear that the signature of a litigant or an attorney on a pleading is a certificate that the signing party has read the pleading and made 'reasonable inquiry' into the facts alleged. *Pritzker v. Drake Tower Apts.*, 283 Ill. App. 3d 587, 590 (1st Dist. 1996). As such, the court must evaluate the conduct of a party under a standard which takes into account "reasonableness under the circumstances as they existed at the time of the filing." *Id.* However, "it is not sufficient that the signing party 'honestly believed' his or her case was well grounded in fact or law." *Whitmer*, 335 Ill. App. 3d at 514. The movant bears the burden of proving that (1) a party made false statements in a pleading, and (2) that the untrue statements were made without reasonable cause, and (3) without reasonable inquiry. *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d. 214, 217 (1st Dist. 2007); *Pritzker*, 283 App. 3d at 590. The decision of imposing sanctions under the rule is within the sound discretion of the trial court. *Pritzker*, 283 Ill. App. 3d at 590.

## DISCUSSION

Lux contends that sanctions against Mr. Stola are warranted for several reasons. First, Lux argues that Mr. Stola's 2019 Complaint and Emergency Motion for Temporary Restraining Order ("TRO Motion") were not well grounded in fact. Lux points out that Mr. Stola's 2019 Complaint and TRO Motion sought injunctive relief to prevent Lux Development from developing its land. To assert a cause of action for injunctive relief, Lux argues that Mr. Stola was required to (1) plead the elements necessary to establish his right to injunctive relief; and (2) plead allegations of fact that would support each of those elements. According to Lux, this Court previously denied Mr. Stola's TRO Motion on November 12, 2019, finding that Mr. Stola's 2019 Complaint did not "contain allegations of fact that establish the elements of injunctive relief," and that in fact, Mr. Stola failed to even include a count for injunctive relief.  In addition, Lux notes that this Court's November 12, 2019 Order stated that Mr. Stola failed to satisfy any of the pleading requirements for a temporary restraining order. Thus, Lux argues that the Court's November 12, 2019 Order supports its contention that the 2019 Complaint and TRO Motion are grossly deficient and not well grounded in fact.

3

Second, Lux asserts that although the inadequacies of the 2019 Complaint and TRO Motion may have been excused for a layperson, such inadequacies are inexcusable where, as here, Mr. Stola is a licensed Illinois attorney with over 43 years of litigation experience. Lux argues that Mr. Stola's 2019 pleadings are nothing more than reiteration of the 2012 pleadings. Moreover, Lux contends that the pleading deficiencies are not the result of mere inexperience or an ignorance of the law, because Mr. Stola represented himself in the 2012 litigation and was aware that he had previously released all claimed rights in the strip of land at issue in exchange for an $85,000 settlement payment. Lux points to the 2019 Complaint's "glaring pleading deficiencies, combined with the 'sloppy cut & paste'" from the 2012 Complaint as conclusive evidence that Mr. Stola did not have an honest belief that his 2019 claim was supported by existing facts when he filed the instant action. As such, Lux argues that Mr. Stola filed the 2019 Complaint with an improper purpose - to extract a "monetary award/settlement" from Lux. According to Lux, Illinois law provides that a person seeking injunctive relief must have clearly ascertainable right in need of protection, citing *Afscme v. Ryan*, 332 Ill. App. 3d 965, 967 (1st Dist. 2002), and *Murges v. Bowman*, 254 Ill. App. 3d 1071 (1st Dist. 1993). Lux insists that Mr. Stola knew he had no such right because the 2012 settlement of the Quiet Title Action divested him of any interest he may have had in the strip of land at issue and any claim he could have raised in that litigation. Further, Lux contends that the new claims of safety of egress and the diminished value of the Stola Property were compromised with the 2018 settlement. Accordingly, Lux maintains that the Court should impose sanctions upon Mr. Stola and order him to pay to Lux all of the attorneys' fees it incurred in defending an action that was both frivolous and not well grounded in fact.

Mr. Stola responds that he agrees this case should be dismissed with prejudice because Lux has already completed the foundation work at the Lux Property, rendering the issues presented in the 2019 Complaint moot. However, Mr. Stola disputes Lux's request for sanctions. Mr. Stola argues that (1) his claims in the 2019 Complaint are not barred by the doctrine of *Res Judicata*, since the 2012 Quiet Title Action settled and there was no final judgment on the merits; and (2) he was unaware of any new construction plans or permits at the time of the Quiet Title Action settlement and filed the instant action only after debris from the ongoing demolition at the Lux Property caused damage to his property.

Additionally, Mr. Stola argues that Lux's requested sanctions are improper because Lux did not file a separate petition for attorneys' fees accompanied by an affidavit or original time sheets. According to Mr. Stola, when assessing reasonableness of attorney's fees, "the court should consider the skill and standing of the attorney, the nature of the case and the difficulty of the questions involved, the amount and importance of the subject matter, the time and labor required, the usual and customary fee in the community, and the benefit resulting to the client," citing *Estate of Callahan v. Parkhurst*, 144 Ill. 2d 32, at 44 (1991). While Mr. Stola admits that the issues presented in the instant case were neither novel, nor complex, he asserts that Lux's counsel spent an inordinate amount of time on them, and therefore, the requested amount of fees is unwarranted.

Lux replies that instead of responding to any of the legal arguments Lux raised in its motion, Mr. Stola concedes that the instant suit should be dismissed with prejudice and attempts to assert two entirely irrelevant arguments. First, Lux notes that while Mr. Stola argues his claims

4

are not barred by *Res Judicata*, the doctrine of *Res Judicata* is irrelevant here because Lux did not raise that argument in its motion, and Mr. Stola even concedes that "this case should be dismissed with prejudice regardless of the legal arguments of *Res Judicata*," citing Response at p. 2.

Next, regarding Mr. Stola's argument disputing Lux's requested amount of attorney's fees, Lux argues that it spent 29.25 hours of time to investigate Mr. Stola's injunctive claims and properly mount an effective defense. Further, Lux contends that the rate of $ 365.00 per hour to conduct its defense was appropriate given the complexity of the injunctive issues and the time spent uncovering the settlement in the Quiet Title Action, responding to the injunctive motions, and preparing the motion for sanctions. Additionally, Lux attached to its reply brief copies of paid invoices for the instant matter, reflecting fees totaling $14,236.25 at the rate of $365.00 per hour, and asks the Court for an additional $2,190.00, purportedly reflecting the time spent preparing the reply brief. Lux maintains that the requested fees are both reasonable and necessary. The Plaintiff did not request an evidentiary hearing on the fee request.

Rule 137 sanctions may be granted (1) if either party files a pleading or motion that, to the best of the attorney's 'knowledge, information, and belief,' is not 'well-grounded in fact' and is not 'warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law,' or (2) if the pleading or motion is interposed to 'harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Miller v. Bizzell*, 311 Ill. App. 3d 971, 976 (4th Dist. 2000). Rule 137 requires both an objective and subjective determination. To award sanctions for a needless increase in the cost of litigation, there must be subjective bad faith. *Stiffle v. Marz*, 2016 IL App (1st) 150180, ¶ 50. An objective determination of reasonableness under the circumstances applies when determining whether a filed paper is grounded in fact and warranted by existing law. *Baker v. Daniel S. Berger, Ltd.*, 323 Ill. App. 3d 956, 963 (1st Dist. 2001). It is not sufficient that the party "honestly believed" that the allegations raised were grounded in fact and law. *Id.*

This Court finds that Mr. Stola's 2019 Complaint was not well grounded in fact and was not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. It was objectively unreasonable, given the facts, for Mr. Stola to believe that the 2019 Complaint was well grounded in fact. Mr. Stola, through his intimate participation in the 2012 Quiet Title Action, was keenly aware that any claims he had or could have raised regarding the strip of land at issue were compromised and resolved through the settlement. This is demonstrated by the scope of the release and similarity of allegations in the two complaints regarding the same strip of land. Further, the Court's November 12, 2019 Order, finding that Mr. Stola failed to allege any facts that would entitle him to injunctive relief, is instructive on this point. Moreover, it is not sufficient that a party "honestly believed" that the allegations raised were grounded in fact and law. *Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067 (1st Dist. 1995).

The Court further finds that Rule 137 sanctions are warranted under the *Bizzell* factors. Mr. Stola is a licensed attorney, and as such, is held to know Rule 137's requirements. Thus, his conduct in proceeding with the 2019 Complaint, given the facts, could not be viewed as anything

other than bad faith. Moreover, Mr. Stola fails to offer a plausible good faith explanation for filing the 2019 Complaint. When the Court considers the relative positions of the parties and whether the award of attorneys' fees would deter others from acting under similar circumstances, the Court finds the award of attorneys' fees appropriate.

Lux has presented paid invoices for its attorneys' fees. These invoices purport to reflect work done in preparing for and defending against Mr. Stola's TRO Motion and filing Lux's Motion for Sanctions. Based upon the Court's review of the invoices, Lux's counsel billed $10,676.25 incurred as a result of reviewing, researching defenses, and preparing a response to Mr. Stola's motion. Lux billed an additional $3,285 in preparing the Motion for Sanctions, plus an appearance fee of $251.00. The Court finds that the amounts were billed in response to the sanctionable conduct. The Court further finds that the hours spent, and rate charged were reasonable and necessary. Accordingly, the Court hereby awards Lux $13,961.25 in attorneys' fees, plus $251.00 in filing fees.

## CONCLUSION

Defendant, Lux Modern Development – 2631 Bosworth, LLC's, Motion for Rule 137 Sanctions is granted. Defendant is awarded $13,961.25 in attorneys' fees, plus $251.00 in filing fees.

DATE: April 15, 2021

ENTERED:

Allen Price Walker
Associate Judge
Apr. 15, 2021
Circuit Court - 2071

_____
Judge Allen P. Walker

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JAMES O. STOLA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUX MODERN DEVELOPMENT – 2631 BOSWORTH, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, AND UNKNOWN OWNERS OF RECORD,<br><br>    Defendants. | Case No. 19 CH 12776<br><br>Calendar 03<br>Honorable Allen P. Walker |

## MEMORANDUM OPINION AND ORDER

This cause comes to be heard on Plaintiff, James O. Stola's, Section 2-1203 Motion to Reconsider Order of April 15, 2021 Granting Defendants' Motion for Supreme Court Rule 137 Sanctions and Imposing Sanctions. The parties have fully briefed the matter. Plaintiff's motion is denied.

### BACKGROUND

Plaintiff, James Stola ("Stola"), is the owner of property located at 2633 North Bosworth, Chicago, Illinois (the "Stola Property"). In 2012, Stola filed a complaint (the "2012 Complaint") seeking to quiet title and claim, by adverse possession or right of easement, a strip of land located between the Stola Property and an adjacent property located at 2631 North Bosworth, Chicago, Illinois. The 2012 Complaint alleged that Stola owned the rights to the strip of land at issue by either adverse possession, prescriptive easement, or easement by necessity. Stola further alleged that allowing construction on the strip of land would prevent reasonable ingress and egress from the front to the back of the house on his property and would limit his access to ventilation and sunlight. Stola added that the construction would create an extremely dangerous condition by preventing the fire department from accessing his property from the rear. The case was captioned *Stola v. Krihak, et al.*, 2011 CH 44143 (the "Quiet Title Action").

On February 12, 2018, Stola and the defendant in the Quiet Title Action (the "Krihak Defendant") agreed to a settlement. Stola signed the settlement agreement and released any claims to the strip of land that were raised or could have been raised in the lawsuit. Stola also received $85,000 as consideration for the release of his claims. The Court dismissed Stola's Quiet Title Action with prejudice on February 13, 2018.

On May 14, 2019, Defendant, Lux Modern Development-2631 Bosworth, LLC ("Lux"), purchased the property located at 2631 North Bosworth (the "Lux Property"). Lux planned to

develop a three-story condominium building. Lux notified Stola of its plans for the Lux Property on June 6, 2019. Lux also discussed its planned project with Stola in July of 2019.

On November 4, 2019, Stola filed a Verified Complaint (the "2019 Complaint"), an Emergency Motion for Temporary Restraining Order, and a Motion for Preliminary Injunction against Lux. The 2019 Complaint and injunctive relief motions set forth identical allegations to those made in Stola's 2012 Complaint. Stola claimed that Lux's construction would prevent reasonable access to the back of the house on his property and irreparably damage its value. Stola also alleged that the construction of the condominium building would create a safety hazard and limit his means of escape or fire-fighter access to the back in event of a fire. He further complained that the construction would limit ventilation and sunlight to his property.

On November 12, 2019, the Court held a hearing on the Emergency Motion for Temporary Restraining Order ("TRO Hearing"). The Court denied the motion, finding that the 2019 Complaint's allegations did not satisfy the elements for injunctive relief. That same day, Stola filed a motion to voluntarily dismiss the 2019 Complaint *without prejudice*. Lux requested that Stola dismiss the 2019 Complaint *with prejudice* and reimburse its attorneys' fees. When Stola refused, Lux filed a Motion for Sanctions, which the Court granted and awarded Lux $13,961.25 in attorneys' fees, plus $251.00 in filing fees.

On May 17, 2021, Stola filed a Section 2-1203 Motion to Reconsider Order of April 15, 2021 Granting Defendants' Motion for Supreme Court Rule 137 Sanctions and Imposing Sanctions, which is presently before the Court.

## MOTION TO RECONSIDER STANDARD

"As a general rule, a motion to reconsider is addressed to the trial court's sound discretion." *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 97 (1st Dist. 2004). The purpose of a motion to reconsider is to bring to the court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d 563, 572 (1st Dist. 2006). A motion to reconsider "is not the place to raise a new legal theory or factual argument." *Jones v. Live Nation Etm't, Inc.*, 2016 IL App (1st) 152923, ¶ 29. Interests of finality and efficiency require the trial courts to disregard "late-tendered evidential material, no matter what the contents thereof may be." *Vantage Hosp. Grp., Inc. v. Q Ill Dev., LLC*, 2016 IL App (4th) 160271, ¶ 5. Therefore, "legal theories and factual arguments not previously made are waived." *Jones*, 2016 IL App (1st) 152923, ¶ 29. The moving party on a motion to reconsider has the burden of establishing sufficient grounds to vacate a judgment. *Day v. Curtin*, 192 Ill. App. 3d 251, 254 (1st Dist. 1989).

## DISCUSSION

Stola argues the Court erred in its finding that 2019 Complaint was barred by his settlement of the prior Quiet Title Action against the 2011 owner of the Lux Property, the Krihak Defendant. Stola notes that in the 2012 Quiet Title Action, he agreed to release of all claims which were

2

brought, or could have been brought, against the Krihak Defendant. Moreover, Stola claims the release and settlement in the 2012 Quiet Title Action were executed on February 13, 2018, almost fourteen (14) months before Lux came into existence, and fifteen (15) months before Lux acquired the Lux Property. Because Lux was not a party to the 2012 Quiet Title Action, Stola insists that Lux is not a beneficiary of the release and dismissal ending that litigation.

Next, Stola contends that in ruling on the Motion for Sanctions, the Court ignored his arguments that (1) Lux had no basis for arguing the 2019 suit was barred by the 2012 Quiet Title Action, and (2) Lux failed to itemize its purported fees and costs incurred. Stola claims the Court never addressed the issue of *res judicata*. According to Stola, "[t]he doctrine of *res judicata* provides that a final judgment by a court of competent jurisdiction on the merits is conclusive of the rights of the parties and is a bar to a subsequent action for the same claim." *Housing Authority for La Salle County v. Young Men's Christian Ass'n*, 101 Ill. 2d 246, 251 (3d Dist. 1984). In this instance, Stola asserts the issues in the 2012 litigation were settled, and therefore, never actually litigated or decided on the merits. As such, Stola argues the doctrine of *res judicata* does not apply. Stola notes the Court's April 15, 2021 Order merely stated:

> "Stola, through his intimate participation in the 2012 Quiet Title Action, was keenly aware that any claims he had or could have raised regarding the strip of land at issue were comprised and resolved through the settlement. This is demonstrated by the scope of the release and similarity of allegations in the two complaints regarding the same strip of land. Further, the Court's November 12, 2019 Order, finding that Stola failed to allege any facts that would entitle him to injunctive relief, is instructive on this point."

April 15, 2021 Order, p. 5.

First, Stola asserts there is no indication that Judge Valderrama ever found that his suit lacked a good faith basis in law or fact. Second, Stola argues the Court fails to explain how the allegations in the 2019 Complaint, even if similar to those in the 2012 Complaint involving the same strip of land, could have been asserted prior to the February 2018 release and settlement. Third, Stola argues the Court failed to provide an explanation for its determination that "Stola, through his intimate participation in the 2012 Quiet Title Action, was keenly aware that any claims he had or could have raised regarding the strip of land at issue were comprised and resolved through the settlement." *Id*. Finally, Stola contends the Court fails to cite any authority for its determination that a plaintiff may not litigate successively over a single strip of land. Moreover, Stola argues the Court ignored the fact that the allegations in the 2019 Complaint regarding Lux's conduct and omissions are different from those asserted in the 2012 Complaint against the Krihak Defendant. Stola claims the Court's logic would enable a subsequent defendant to do whatever he wanted to on a strip of land by arguing that prior litigation against a former defendant regarding that same strip of land prohibits a plaintiff from challenging those actions. This proposition, Stola asserts, has no basis in law. Accordingly, Stola urges the Court to reconsider its April 15, 2021 ruling.

3

Additionally, Stola argues that Mr. Dreger, Lux's Counsel, argued on behalf of Lux at the TRO Hearing, but did not file his appearance in the 2019 litigation until November 25, 2019, eleven (11) days after the TRO Hearing and immediately prior to filing his Motion for Sanctions. Moreover, Stola asserts that Mr. Dreger mislead the Court because many of the attorneys' fees Mr. Dreger claims to have incurred were logged before he filed his appearance. As such, Stola contends the Court should reconsider the award for sanctions and either vacate or significantly reduce the award on that basis.

Lux responds first that Stola's motion is untimely in light of the Court's January 15, 2021 Order, which states, (1) "the filing and litigating of the instant lawsuit by Plaintiff was objectively frivolous and not warranted by existing fact or law," and (2) "[t]he Motion for Sanctions of Defendant Lux Development is GRANTED, subject to the Court's determination as to the extent of the sanctions to be imposed on Plaintiff." Def. Resp., Ex. D.  Lux argues the January 15, 2021 Order was final as to the issue of liability, and pursuant to section 2-1203(a) of the Illinois Code of Civil Procedure, Stola had thirty (30) days (until February 14, 2021) to file his Motion to Reconsider. 735 ILCS 5/2-1203(a) (West 2021).  Lux contends that Stola failed to file his Motion to Reconsider until May 17, 2021, and therefore, his motion is untimely.

Moreover, Lux argues that even if Stola had timely filed his Motion to Reconsider, his arguments are barred as a matter of law because the motion asserts no newly discovered evidence or changes in law. Lux also argues the Motion to Reconsider fails to establish the Court erred in its application of law because it is merely a recitation of prior arguments which the Court has already denied.  Lux argues "[a] motion to reconsider should be denied if it merely recites previously made arguments." *Farley Metal, Inc. v. Barber Coleman Co.*, 269 Ill. App. 3d 104, 116 (1st Dist. 1994). According to Lux, Judge Valderrama's November 12, 2019 Order denying Stola's Emergency TRO Motion stated that "Plaintiff's Verified Complaint does not contain allegations of fact that establish the elements of injunctive relief, to wit: (a) a protectable interest…" Def. Resp., Ex. C. Lux contends that notably, Stola failed to file an appeal or a motion to reconsider following the November 12, 2019 Order on the "protectable interest" issue, but now seeks to re-litigate that very issue in its Motion to Reconsider by arguing the Court erred in finding the Complaint was not well grounded in law or fact because Stola did not have a protectable interest in the strip of land. Lux argues that Stola's failure to timely challenge any portion of the November 12, 2019 Order until now caused the pleadings and all findings of fact set forth therein to become part of the law of this case, and therefore, Stola cannot seek to relitigate these matters in his Motion to Reconsider.

As to Stola's contention that the Court erred in awarding sanctions because Mr. Dreger did not file an appearance until after the TRO Hearing, Lux argues Stola cites no authority for this proposition.  Moreover, Lux asserts that following the TRO Hearing, the parties attempted to informally resolve the case and discussed with Stola the possibility having the case dismissed and reimbursement for Lux's defense costs.  However, Lux contends that when Stola refused to dismiss the 2019 Complaint or reimburse Lux's defense costs, Mr. Dreger immediately filed his appearance along with his Motion for Sanctions. In light of the circumstances, Lux asserts the

4

Court did not abuse its discretion when deciding the delay was not a sufficient basis to limit the amount of sanctions imposed against Stola. Accordingly, Lux asks the Court to enter an order denying the Motion to Reconsider, impose additional Rule 137 Sanctions, and set a date upon which Stola must relinquish payment of the sanction award to Lux.

Stola replies that Lux fails to address his arguments regarding *res judicata*. Additionally, Stola refutes Lux's assertion that Judge Valderrama's November 15, 2019 Order found Stola's suit lacked a good faith basis in law or in fact. Stola argues no such finding was made. Moreover, Stola contends that he has argued, in his Motion to Reconsider, that the Court erred in its application of law by concluding that he violated Rule 137 when he filed 2019 lawsuit involving the "same strip of land" as that involved in the 2012 litigation. Specifically, Stola argues this finding was in error because the issues in the 2012 litigation were settled, and not decided on the merits. Accordingly, Stola reiterates those issues could not form any basis for *res judicata*.

Next, Stola refutes Lux's contention that the Motion to Reconsider is untimely because it was not filed within thirty (30) days of the Court's January 15, 2021 Order. According to Stola, "[a] judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. Sup. Ct. R. 304. Stola contends that contrary to Lux's assertion, his motion was timely because the Rule 137 Motion for Sanctions remained pending until April 15, 2021, when the Court ruled on the specific amount of sanctions.

The Court disagrees with Stola's argument that it erred in its application of the law by finding that Stola's claims were barred by the 2012 Litigation. Illinois law requires a plaintiff seeking injunctive relief to establish they have a clearly ascertainable right in need of protection. *Afscme v. Ryan*, 332 Ill. App. 3d 965, 967 (1st Dist. 2002). As Lux correctly notes in its response to Stola's Motion to Reconsider, Judge Valderrama's November 12, 2019 Order found that Stola failed to allege any facts that "establish the elements of injunctive relief, to wit: (a) a *protectable interest*…" (emphasis added). In doing so, Judge Valderrama reviewed the allegations of the 2019 Complaint in relation to the allegations of the 2012 Complaint and the Mutual Release and Settlement Agreement in the 2012 litigation. Judge Valderrama also considered Lux's argument in response to the TRO motion, namely that Stola could not plead the "injunctive relief element of a protectable interest because [he] released all such rights when he settled the Quiet Title Litigation and was paid $85,000." Def. Ex. B. Accordingly, Judge Valderrama determined Stola failed to establish a protectable interest in the strip of land. Further, as Lux argues above, Stola failed to file a motion to reconsider the November 12, 2019 ruling. Thus, the Court did not err in its conclusion that "Stola, through his intimate participation in the 2012 Quiet Title Action, was keenly aware that any claims he had or could have raised regarding the strip of land at issue were compromised and resolved through the settlement." April 15, 2021 Order, p. 5.

Moreover, the Court finds that Mr. Stola's motion ignores the Court's finding that Rule 137 sanctions were warranted under the *Bizzell* factors due to Stola's status as a licensed attorney and years of experience, as well as his conduct in proceeding with the 2019 Complaint in light of the prior litigation.

5

As to Stola's arguments concerning *res judicata*, the Court noted in the April 15, 2021 Order Lux's argument that "while Stola argues his claims are not barred by *Res Judicata*, the doctrine of *Res Judicata* is irrelevant here because Lux did not raise that argument in its motion, and Stola even concedes that 'this case should be dismissed with prejudice regardless of the legal arguments of *Res Judicata*,'" citing Response at p. 2." Thus, contrary to Stola's assertion, the Court's failure to mention the *res judicata* issue in its ruling on the Motion for Sanctions was not in error.

Having addressed the substantive arguments in the Motion to Reconsider, the Court does not find it necessary to address Lux's arguments regarding the timeliness of Stola's motion.

Lux filed a Petition for Supplemental Attorney's Fees, which included additional paid invoices for its attorneys' fees incurred in defending against Stola's Motion to Reconsider. Lux also submitted to the Court the Affidavit of Lux's Counsel, Mr. Dreger, that substantiates the accuracy and reasonableness of requested amount of Supplemental Legal Fees. Lux argues additional Rule 137 sanctions against Stola are warranted because Stola's Motion to Reconsider is both legally and factually insufficient and fails to satisfy the minimum requirements for such a motion under Illinois law. Additionally, Lux contends that from January 1, 2020 through May 24, 2021, Lux appeared seven (7) times before the Court to respond to the Motion for Sanctions. Lux also contends that it incurred costs in preparing an eight (8) page response brief to the Motion for Sanctions. According to Lux, the total costs in supplemental legal fees Lux incurred in 2020 and 2021 to date is $5,026.25. Lux Supp. Pet., Ex. A. Lux argues these additional costs were not included in the April 15, 2021 sanctions award issued by the Court because they were incurred after the Motion for Sanctions was fully briefed on January 10, 2020, and oral arguments and ruling on the Motion for Sanctions was delayed for fifteen (15) months during which time Lux incurred additional legal services for virtual Court hearings and Court-ordered pleadings.

Stola objects to Lux's request for additional fees. First, Stola argues Lux's request for additional fees is both untimely and improper, since Lux failed to file its Petition for Supplemental Fees until June 21, 2021, more than sixty (60) days after the April 15, 2021 Order. According to Stola, if Lux wanted to amend the amount of fees requested, it could have timely filed a motion for reconsideration or *additur* of the sanctions amount within thirty (30) days of the April 15, 2021 Order. Stola contends that Lux failed to do so and fails to provide any justification for its delay in seeking the supplemental attorney's fees. Additionally, Stola claims that $3,421.00 of the $5,026.00 requested by Lux consists entirely of fees incurred before the Court issued the April 15, 2021 Order on the Motion for Sanctions. Stola argues that Lux's request for supplemental fees is sanctionable, since there is no good faith basis for Lux to relitigate the amount of fees imposed on April 15, 2021.

Next, Stola argues that while Lux seeks $1,508.75 in fees for "online research access costs" in response to Stola's Motion to Reconsider, Lux fails to cite any basis for imposing sanctions against Stola for filing the motion, other than claiming that the motion is "twice barred" and "fails to satisfy even the minimum criteria under well-established Illinois law for a Motion for reconsideration." Lux Supp. Pet., ¶ 4. Further, Stola argues Lux fails to cite any legal authority for

6

its assertion that "[g]iven that the Motion to Reconsider is lacking in either legal or factual merit, this Court may confidently conclude that Plaintiff's conduct and that of his counsel before this Court, fully justify the imposition of additional Rule 137 Sanctions against Plaintiff." Lux Supp. Pet., ¶ 5. Finally, Stola contends Lux's inclusion of the May 8, 2020 billing entry summarizing settlement communications violates Illinois Rule of Evidence 408, which prohibits a party from publishing settlement communications. Lux Supp. Pet., Ex. A.

The Court denies Lux's Petition for Supplemental Attorney's Fees.

## CONCLUSION

For the reasons stated above, Plaintiff, James O. Stola's, Motion to Reconsider is denied. Additionally, Defendant, Lux Modern Development – 2631 Bosworth, LLC's, Petition for Supplemental Attorney's Fees is denied. This is a final order. All future status dates are stricken.

DATE: September 13, 2021                ENTERED:

Allen Price Walker
Associate Judge
Sep. 13, 2021

_____
Allen P. Walker, Judge Presiding
Circuit Court - 2071

7