**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **James O. Stola,** | Bankruptcy No. 21-13994 |
| Debtor. | Honorable Jacqueline P. Cox |

**REPLY IN SUPPORT OF MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7**

Now comes Lux Modern Development, Inc. ("Lux"), replying in support of its motion to convert the Debtor's chapter 13 case to one under chapter 7, and so stating as follows:

Pursuant to 11 U.S.C. 1307(c), on request of a party in interest, and after notice and a hearing, the Court may convert a chapter 13 case to a case under chapter 7, or dismiss the case, whichever is in the best interests of creditors and the estate, for cause.

Lux and another participating general unsecured creditor have asserted that conversion to chapter 7 is in the best interests of creditors and the estate, and that cause is shown in this instance.

The Debtor's response in opposition asserts that "Debtor should be afforded the opportunity to file a chapter 13 Plan which can be confirmed." Debtor has had six months to file such a plan, and has declined to do so. The Debtor's most recent plan, however, dated April 23, 2022, is attached hereto as Exhibit A.

{00221148}

Most significantly, the Debtor's response asserts "Debtor's chapter 13 payments are current." Effective with the Debtor's April 23, 2022 plan, he increased his payments to $5,100 per month for the 60-month duration of his case. While chapter 13 cases are dynamic, as of the last information provided to Lux (on May 10, 2022), the Debtor was almost $13,000 behind in payments on the plan he, himself, proposed.

| Period | Date (Month/Year) | Payment Due | Payment Received | Deferred Amount | Amount Due |
|---|---|---|---|---|---|
| 1 | 1/2022 | $5,100.00 | $2,507.99 | | $2,592.01 |
| 2 | 2/2022 | $5,100.00 | $2,500.00 | | $5,192.01 |
| 3 | 3/2022 | $5,100.00 | $2,500.00 | | $7,792.01 |
| 4 | 4/2022 | $5,100.00 | $5,000.00 | | $7,892.01 |
| 5 | 5/2022 | $5,100.00 | $100.00 | | $12,892.01 |

**Total Delinquent Amount: $12,892.01**

If the Debtor were able to get current on his plan, that would certainly augur in his favor, but the April 23, 2022 plan – filed after Lux's motion to convert – still falls short in most significant respects.

$5,100-per-month plan payments, for 60 months, are not sufficient to cure the Debtor's mortgage arrearages and pay a required 100% to the Debtor's allowed general unsecured creditors. The Debtor knows as much, and dissimulates, proposing unsubstantiated and unacceptable treatments for his various creditors.

In its section 3.1, the debtor is proposing to cure a $241,113.00 mortgage arrearage to "Rushmore" by $3,700 payments totaling – it appears - $210,000.00. Even if the Debtor were proposing 60 monthly payments of $3,700, that totals only $222,000.00. The Debtor's math still does not work.

{00221148}

In its section 5.1, the Debtor asserts that the Trustee will pay 100% of an estimated $25,000 in general unsecured claims, and that the liquidation analysis would require no payment to general unsecured creditors. The liquidation analysis, as detailed in Lux's original motion, would in fact require payment in full to all allowed creditors, and it is unclear what creditors Stola intends to include in the $25,000 value, because:

In its section 5.2, with an "addendum" to his plan, the Debtor proposes to maintain "contractual installment" payments to, it appears, every creditor that filed a proof of claim as of the plan date (the Illinois Department of Revenue has since filed a claim, some of which is a priority claim, and is not mentioned in the Debtor's April 23, 2022 plan), including the IRS and various credit cards and collection agencies. This is impermissible under chapter 13: Section 1322(a)(5) of the Code provides that the plan may provide for the curing of any default within a reasonable time and the maintenance of payments while the case is pending on claims on which the last payment is due after the date on which the final payment under the plan is due. None of the claims which Stola proposes to treat in this manner are claims on which the last payment is due after the end of the plan – a review of the claims register evinces that all of Stola's debts are due now.

The Debtor's "addendum" also says "Bryan Hunter Appeal Stayed Contested." Bryan Hunter is shareholder of Lux, and member of Lux Modern Development – 2631 N. Bosworth, LLC, which, to be clear, was awarded the sanctions in the state court litigation. The distinction is of no difference, however: The Debtor intended to

{00221148}

treat this claim in his chapter 13: His schedule E/F, filed on December 22, 2021, lists "Robert Derger" (*sic*) and values this claim at $15,000. Robert Dreger represents the Defendant in Stola's meritless lawsuit at the Circuit Court of Cook County, which Defendant shares an identity of purpose and ownership with the claimant.

But, when the Debtor scheduled this claim, and when Lux filed its proof of claim, both parties consented to the bankruptcy court's jurisdiction with reference to Lux's claim. *In re Whitlock-Young*, 571 B.R. 795, 799 (Bankr. N.D.Ill. 2017, Barnes, J.). If the Debtor had legitimate grounds to object to Lux's proof of claim, he may endeavor to do so, but Lux's claim has been on file since January 7, 2022 and the Debtor has not done so. Lux's claim is allowed. 11 U.S.C. 501(a).

The Debtor cannot, however, seek to disallow Lux's claim through his plan by merely reciting "Bryan Hunter Appeal Stayed Contested." Such disallowance would constitute unfair discrimination, in contravention of 11 U.S.C. 1322(b)(1), and would be belied by the Debtor's own scheduling of "Robert Derger" as the holder of a claim that is liquidated and not in dispute.

Lux reiterates its position that Stola proceeds in bad faith, as outlined in Lux's original motion to convert. Stola attempts to cabin the 7th Circuit's *Matter of Love*, 957 F.2d 1350 (7th Cir. 1992) to the facts of that case, involving a tax protestor, but the crux of *Love* is that, in all cases: "The focus of the good faith inquiry… is fundamental fairness." *Id*. at 1357.

{00221148}

Relevant factors to this "fundamental fairness" inquiry may include

> *the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.*

*Id.* In this case, the Debtor commenced the relationship between himself and Lux by bringing a meritless lawsuit. Sanctions were awarded for the Debtor's conduct. In *In re Arlington*, 192 B.R. 494 (Bankr. N.D.Ill 1996), attorneys' fees awarded as a sanction were excepted from discharge as willful and malicious injury, and so too should Stola's Rule 137 sanctions be held against him under this light.

The Debtor's consistent pattern of filing bad chapter 13 plans, hoping that one skates by, while fully aware of how to see a chapter 13 plan confirmed, reveals that the debtor is not being forthcoming with the Bankruptcy Court.

However, this Court's granting Lux's motion would not require a finding of bad faith, in either the commencement of the case or the filing of the plan. This Court should also find:

1) That Stola has unreasonably delayed proceedings in a manner prejudicial to creditors (11 U.S.C. 1307(a)(1)), by continuing to file facially-unacceptable plans;

2) That Stola has failed to commence making timely payments under 11 U.S.C. 1326 (11 U.S.C. 1307(a)(4)) by proposing his April 23, 2022 plan providing for payments of $5,100 per month commencing with the first

{00221148}

    payment due under the plan and thereafter not funding the plan adequately;

3) That he is in material default (11 U.S.C. 1307(a)(6)) for the same reason;

4) And that, when this Court eventually declines to confirm Stola's April 23, 2022 plan (assuming Stola does not again relocate the goalposts for his creditors), that he has exhausted his opportunities to request additional time for another plan (11 U.S.C. 1307(a)(5), as applied to the usual practice in this Court).

The remainder of Stola's assertions fail. When he scheduled "Robert Derger" as a creditor and when "Lux Modern Development – 2631 Bosworth, LLC" has been awarded damages under Illinois Rule 137, and when that entity consents for its parent to participate in the bankruptcy case, Stola cannot plausibly assert that Lux Modern Development, Inc., is not a party in interest entitled to bring this action. (Bryan Hunter, in all events, owns both entities.) A "party in interest," is anyone who has a legal interest that could be affected by the bankruptcy proceeding. *Adair v. Sherman*, 230 F.3d 890, 894 n.3 (7th Cir. 2000). The fact that the Debtor has not objected to Lux's claim suggests that he understands Lux does have an interest in this matter.

Lux and Stola's prepetition relationship do not mean that his petition or plan was filed in good faith, or that it is feasible, or that (assuming the chart above remains accurate) he is current on his plan payments.

{00221148}

Stola commenced the relationship between himself and Lux by the filing of a complaint, and the Circuit Court found that Stola fails "to offer a plausible good faith explanation" for having done so.

As Stola notes, he appealed the Circuit Court's judgment against him. Nevertheless, he consented for this Court to adjudicate the value of Lux's claim against him, and (more-or-less) scheduled this claim. The term "claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. 101(5)(A). Lux has a claim against Stola, and Lux is a party in interest to this matter. The appeal is of no moment.

WHEREFORE, Lux Modern Development, Inc., prays this Court enter an order converting the above-captioned case to one under chapter 7.

| | |
|---|---|
| Dated: May 17, 2022 | **Lux Modern Development, Inc.,** |
| | By: */s/ Justin R. Storer* |
| | One of its attorneys |

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

{00221148}